**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

NATIONAL MEDICAL CARE, INC., *et al.*,
 Plaintiffs,

v.

DR. JOHNNY RULLÁN, *et al.*,
 Defendants.

Civil No. 04-1812 (HL)

## ORDER

Before the Court is the motion requesting certification for interlocutory appeal filed by co-defendant Medical Card System, Inc. and MCS Health Management Options, Inc. (hereinafter "MCS") on November 16, 2005. (Docket No. 137). Plaintiffs filed an opposition to MCS's motion on December 2, 2005. (Docket No. 148). Thereafter, sur-replies were filed on December16, 2005 and December 21, 2005, respectively. (Docket Nos. 158 and 164).

MCS requests certification of this Court's Opinion and Order of November 1, 2005 (Docket No. 127), denying MCS's motion to dismiss for lack of jurisdiction. Specifically, MCS requests certification on a particular legal issue pertaining to the Court's jurisdiction: whether health care providers, such as plaintiffs, have enforceable rights under 42 U.S.C. section 1983 by virtue of section 1396a(a)(37) and 1396u-2f of the Medicaid Act.

"Interlocutory appeals under § 1292(b) require an order (1) 'involv[ing] a controlling question of law,' (2) 'as to which there is substantial ground for difference of opinion,' and (3) for which 'an immediate appeal from the order may materially advance the ultimate

2

termination of the litigation.'" Caraballo-Seda v. Municipality of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005)(citing 28 U.S.C. § 1292(b)). This Court is cognizant of the fact that interlocutory appeals are to be "used sparingly" and are generally not favored at the motion to dismiss stage. Id. Nonetheless, the Court agrees with co-defendant MCS that this case falls squarely within the criteria established by section 1292(b) as warranting an interlocutory appeal.

This case "involves a controlling question of law as to which there is substantial ground for difference of opinion," namely whether health care providers have enforceable rights under 42 U.S.C. section 1983 by virtue of section 1396a(a)(37) and 1396u-2f of the Medicaid Act. See 28 U.S.C. section 1292(b). This Court's assertion of jurisdiction over plaintiffs' claims was based primarily in the Court's reliance on Rio Grande Community Health Center, Inc. v. Rullan, 397 F.3d 56 (1st Cir. 2005)(finding that a federally-qualified health center had a private action under section 1983 to enforce Medicaid's section 1396a(bb)(5)). The Court is unaware of any specific case law in support of the conclusion that section 1983 provides health care providers with a private cause of action under sections 1396a(a)(37) and 1396u-2f of the Medicaid Act. The Court, thus, agrees with co-defendant MCS's position, espoused in the motion for certification of interlocutory appeal, that whether plaintiffs have a cause of action pursuant to the relevant provisions in the Medicaid Act is an issue of first impression and one as to "which there is substantial ground for difference of opinion." 28 U.S.C. section 1292(b).

Additionally, an immediate appeal from this Court's order of November 1, 2005, would "materially advance the ultimate termination of [this] litigation," given that the Court's jurisdiction is predicated on the finding that plaintiffs have a cause of action against defendants, in this case the Managed Care Organizations (MCOs), under the relevant provisions of the Medicaid Act and section 1983. Id. This is one of the exceptional cases in which an interlocutory appeal is warranted in order to spare the parties of needless litigations expenses and costs and safeguarding the Court's limited resources.

3

In view of the aforementioned, the Court hereby **GRANTS** co-defendant MCS's motion for certificate of appealability (Docket No. 137) pursuant to 28 U.S.C. section 1292(b).

**IT IS SO ORDERED**.

San Juan, Puerto Rico, January 13, 2006

                                              S/ HECTOR M. LAFFITTE
                                              U.S. District Judge