UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

NATIONAL MEDICAL CARE, INC., ET AL.,
  Plaintiffs,

v.

SECRETARY OF HEALTH OF PUERTO RICO, ET AL.,
  Defendants.

Civil No. 04-1812(HL)

**OPINION AND ORDER**

Plaintiffs[1] bring this action against the Secretary of Health and Human Services ("HHS"), Michael O. Leavitt; the Administrator of the Centers for Medicare and Medicaid Services ("CMS");[2] the Puerto Rico Services Administration ("ASES" by its Spanish acronym);[3] the Secretary of Health of Puerto Rico, Rosa Perez Perdoma; the Director of the

---

[1] The Plaintiffs include: National Medical Care, Inc., d/b/a Fresenius Medical Care North America; Bio-Medical Applications of Puerto Rico, Inc.; Bio-Medical Applications of Arecibo, Inc.; Bio-Medical Applications of Aguadilla, Inc.; Bio-Medical Applications of Bayamon, Inc.; Bio-Medical Applications of Caguas, Inc.; Bio-Medical Applications of Carolina, Inc.; Bio-Medical Applications of Guayama, Inc.; Bio-Medical Applications of Humacao, Inc.; Bio-Medical Applications Las Americas, Inc.; Bio-Medical Applications fo Mayaguez, Inc.; Bio-Medical Applications of Ponce, Inc.; Bio-Medical Applications of Rio Piedras, Inc.; Bio-Medical Applications of San German, Inc., Bio-Medical Applications of San Juan, Inc.; and Quality Care Dialysis Center of Vega Baja.

[2] The Centers for Medicare and Medicaid Services, a division of the U.S. Department of Health and Human Services, is the federal agency responsible for the implementation and interpretation of both Medicare and Medicaid Regulations.

[3] ASES implements and administers Puerto Rico's Medicaid Plan, commonly known as "La Reforma." As part of the administration, ASES negotiates and contracts with private health insurers, such as the co-defendant MCOs, to provide health care coverage to Puerto Rico's medically indigent population and other eligible individuals.

Commonwealth's Office of Economic Assistance to the Medically Indigent, Wendy Matos; and several private Managed Care Organizations ("MCOs")[4] alleging violations of 42 U.S.C. §1396a(a)(37)(a), the prompt payment provision of the Medicaid Act. For purposes of clarity, the court will refer to the Commonwealth state officials as the "Commonwealth Defendants," the Federal officials will be referred to as the "Federal Defendants," and the private Managed Care Organizations will be referred to as the "MCO Defendants."

Plaintiffs allege that since 1999, the Commonwealth's Medicaid program has failed to make 20% coinsurance and deductible payments for dialysis services provided by the Plaintiffs to patients suffering from end-stage renal disease ("ESRD"). Plaintiffs argue that the Defendants' failure to pay the coinsurance and deductible payments violates federal law and thus seek declaratory relief against Defendants pursuant to 42 U.S.C. § 1983. Pending before the Court are Defendants' Motions for Summary Judgment. (*See* Docket Nos. 183, 186, 190, 192 193, 195, 199). Plaintiffs filed their opposition along with a Motion for Relief Pursuant to Rule 56(f) of the Federal Rule of Civil Procedure. (*See* Docket Nos. 216, 219). The Court held a hearing on Defendants' motion for summary judgment on January 22, 2007. For the reasons set forth below, the Federal Defendants' Motion for Summary Judgment (Docket No. 195) is granted; Plaintiffs' Motion for Relief Pursuant to Rule 56(f) (Docket No. 219) is granted; and the remaining Motions for Summary Judgement (Docket Nos. 183, 186, 190, 193,195, 199) are held in abeyance pending conclusion of discovery.

**STANDARD OF REVIEW**

Under Rule 56(c) of the Federal Rules of Civil Procedure, the Court will grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

---

[4] Medical Cared System, Inc. ("MCSI") and MCS Health Management Options, Inc. ("MCSI-HMO"), which are collectively referred to as "MCS"; Triple-C, Inc. and Triple-S, Inc., collectively referred to as "Triple-C"; Cooperative de Seguros de Vida De Puerto Rico ("COSVI"); and Humana Health Plans of Puerto Rico, Inc. ("Humana") are the co-defendant private companies that provide managed heath care services in Puerto Rico pursuant to contracts with ASES.

to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue exists if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial. *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir. 1994); *LeBlanc v. Great Am. Ins. Co.,* 6 F.3d 836, 841 (1st Cir. 1993). A fact is material only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining if a material fact is "genuine" the Court does not weigh the facts but, instead, ascertains whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* *See also Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir. 1995).

Once a party moves for summary judgment, it bears the initial burden. Specifically, "'a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Crawford-El v. Britton*, 523 U.S. 574, 600 n.22 (1998) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once this threshold is met, the burden shifts to the nonmoving party. The nonmovant may not rest on mere conclusory allegations or wholesale denials. *See* Fed.R.Civ.P. 56(e); *Libertad v. Welch*, 53 F.3d 428, 435 (1st Cir. 1995). Instead, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Furthermore, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Federal Rule of Civil Procedure 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for the reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or make any such order as is just.

Fed. R. Civ. P. 56(f). A summary judgment motion can be denied "if the nonmoving party

has not had an opportunity to make full discovery. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). "Courts generally grant Rule 56(f) request unless the party has been dilatory in conducting discovery or the motion is really a wolf draped in sheep's clothing to delay the litigation in the case." *Ortiz Cameron v. DEA*, 952 F.Supp 92, 94 (D.P.R. 1997); *see also Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 92-4 (1st Cir. 1996).

## BACKGROUND

The Court reiterates the factual background as found in its Opinion and Order dated November 1, 2005 (Docket No. 127). Plaintiffs operate nineteen dialysis clinics throughout Puerto Rico that provide medical care to approximately 2, 670 patients who suffer from chronic kidney failure, also known as end-stage renal disease ("ESRD"). Typically, Plaintiffs' patients are referred to as "dual eligibles" –indigent persons who rely on both federal Medicare and Medicaid assistance to pay for their treatments. The federal government, through the Medicare program, pays for eight percent (80%) of the costs of dialysis treatment for ESRD patients serviced by the Plaintiffs. At issue is the remaining twenty percent (20%) of the costs of the dialysis service. From 1994 through 1999, the Commonwealth paid the 20% coinsurance through its Medicaid program.

On May 3, 1999 and September 12, 1999, the Commonwealth issued two Letter Rulings announcing that it would no longer authorize payment of the 20% coinsurance for ESRD patients. The MCO Defendants, claiming they had no alternative but to comply with the Commonwealth's decision, immediately stopped paying any Medicaid benefits (i.e., the 20% coinsurance) for ESRD services. Plaintiffs allege that they protested the 1999 Letter Rulings at both the Commonwealth and Federal levels on multiple occasions to no avail.

In December 2002, the Associate Regional Administer of CMS wrote a letter to the Commonwealth's Office of Economic Assistance to the Medically Indigent ("OEA"). The letter stated that Puerto Rico's Medicaid agency was obligated to provide for payment of the deductible and coinsurance amounts for ESRD services of dual eligible patients. The letter requested the Commonwealth submit a revised Medicaid State Plan and warned that failure to do so could result in CMS taking a compliance action against the Commonwealth's

Department of Health.  Subsequently, on April 13, 2004, CMS wrote another letter to the Commonwealth's OEA, stating, in relevant part, that Puerto Rico could not opt-out of its obligation to pay the coinsurance and deductibles with regards to dual-eligible ESRD patients.  Soon thereafter, on April 21, 2004, CMS wrote another letter to the Commonwealth's OEA, retracting the April 13th letter.  In the April 21st letter, CMS states that "opting out of QMB requirements does not eliminate applicable Medicaid coverage and payment requirements for dual eligibles, including third party liability (TPL) requirements." The letter further states CMS's position that "Medicaid requirements are unaffected by the statutory provision permitting the territories to opt out of extending eligibilities to QMBs." Plaintiffs have continued to provide dialysis services to all of their ESRD patients to date, even though Defendants have not paid the 20% coinsurance since 1999.  Plaintiffs allege that they are now owed in excess of 20 million dollars for these services.

On December 9, 2005, this Court held a status conference and ordered the Federal Defendants and Commonwealth Defendants to discuss and clarify the obligations of the Commonwealth under the Medicaid and Medicare statutes as they pertain to ESRD dual eligible patients serviced by the plaintiffs at their dialysis clinics.  On April 28, 2006, the Federal Defendants filed a Motion Submitting their Report ("the Report") (Docket No. 176). The Report states that "CMS finds no basis to conclude that a compliance action against the Commonwealth is appropriate."  Specifically, CMS concluded that "[o]ther than the QMB provisions of the Medicaid Act, which are not applicable to the Commonwealth, CMS is unaware of any other statutory provisions that requires the Commonwealth's federal Medicaid program to pay Medicare deductibles and coinsurance amounts to ESRD suppliers."

**DISCUSSION**

*I.  The Federal Defendants*

The only relief sought against the Federal Defendants is a judicial declaration and mandamus order compelling the Secretary of Health to initiate a compliance hearing pursuant to 42 U.S.C. § 1396(c) against the Commonwealth for the alleged failure to pay the

remaining 20% coinsurance dedcutible in violation of the Medicaid statute.  Section 1396c of the Medicaid statute authorizes the Secretary to commence a compliance hearing against a state and provides, in relevant part:

> If the Secretary, after reasonable notice and opportunity for a hearing to the state agency administering or supervising the administration of the state plan approved under this subchapter, finds....
> (2) that in the administration of the plan there is a failure to comply substantially with any such provision;
> the Secretary shall notify such State agency that further payments will not be made to the State (or, in his discretion that payments will be limited to categories under or parts of the State plan not affected by such failure), until the Secretary is satisfied that there will no longer be any such failure to comply.

42 U.S.C. § 1396c.

In this Court's November 1, 2005 Opinion and Order, the Court accepted all well plead facts  and stated that "the Secretary (via the CMS letters), has made a determination that part of the state plan is not in compliance with Medicaid law."  (Docket No. 127).  Accordingly, this Court cited case law supporting the proposition that once the Secretary has made a finding of non-compliance, the Secretary should be forced to do his/her duty under section 1396c, including withholding payments to the state. *See Robinson v. Pratt*, 497 F.Supp. 116, 122 (D.Mass. 1980); *Garrity v. Gallen*, 522 F.Supp 171, 203 (D.N.H.  1981).

In light of the Report filed on April 28, 2006, this Court cannot order the Secretary to comply with the provisions 42 U.S.C. § 1396c.  The Report discussed and clarified the Commonwealth's obligations under the Medicaid statue and concluded that at all relevant times, the Commonwealth has been in compliance with the requirements of the Medicaid statute.  CMS' April 28, 2006 report, along with the April 21, 2004 letter, supercedes and clarifies CMS's previously mistaken conclusion that the Commonwealth failed to comply with the provisions of the Medicaid statute.  Since there has been no finding of non-compliance, this Court cannot force the Secretary to take action under section 1396c.  Additionally, the relief sought by the Plaintiffs is not within the mandamus power of this Court.  *Arthur C. Logan Memorial Hospital v. Toia*, 441 F.Supp 26, 27 (S.D.N.Y. 1997) *citing Leonhard v. Mitchell*, 473 F.2d 709 (2d Cir. 1973) ("The ordering of [a 1396c] hearing is not within the mandamus power of this Court.").  Furthermore, "[u]nder the

Medicaid statute, it is within the discretion of the Secretary to hold a compliance hearing pursuant to 42 U.S.C. § 1396c." *Id.; see also Phoenix Baptist Hospital and Medical Center, Inc., v. United States*, 937 F.2d 452, 453 (9th Cir. 1991). Accordingly, since Plaintiffs seek no other relief from the Federal Defendants, the Federal Defendants' Motion for Summary Judgment is hereby granted.

***II. Rule 56(f)***

In addition to filing an omnibus opposition to the various motions for summary judgment filed in this case, Plaintiff's simultaneously filed a renewed motion for relief pursuant to Rule 56(f) of the Federal Rules of Civil Procedure (Docket No. 219). In essence, Plaintiffs argue that the Defendants' motions for summary judgment are premature since Plaintiffs have not been able to conduct written discovery and depositions, placing them in a disadvantageous position at the summary judgment stage.

Rule 56(f) is "a method of buying time for a party who, when confronted by a summary judgment, can demonstrate an authentic need for, and an entitlement to, an additional interval in which to marshal facts essential to mount an opposition...The rule is intended to safeguard against judges swinging the summary judgment axe too hastily." *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1202 (1st Cir. 1994). A motion pursuant to Rule 56(f) must (1) be presented in a timely manner; (2) show good cause for the failure to discover the necessary facts sooner; (3) set forth a plausible basis for believing that the necessary facts probably exist and can be learned in a reasonable time; and (4) establish that the such facts, if found, will influence the outcome of the pending motion. *See Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122, 127 (1st Cir. 2006).

The facts and circumstances of this case require reopening discovery. As noted in this Courts Opinion and Order of November 1, 2005, the determination whether plaintiffs have a viable 1983 claim against the remaining defendants requires a fact specific inquiring regarding the relationship between the MCOs, ASES and the Commonwealth's Health Department and the level of control the MCOs have or do not have over those entities relative to the implementation of the Medicaid Program. In the November 1, 2006 opinion

and order, the Court found that such a specific fact inquiry is better suited for summary judgment.  To date, Plaintiffs merely have the written initial Rule 26 disclosures, the limited deposition of Sue Kelly, and a binder of documents obtained from Defendant COSVI to oppose the pending motions for summary judgment  Given the moratorium on discovery, the Court finds the remaining motions for summary judgment premature, since the Plaintiffs have been unable to conduct discovery regarding the relationship between the MCOs and the Commonwealth Defendants.   Consequently, the Court grants Plaintiffs request for relief pursuant to Rule 56(f) and allows the Plaintiffs to conduct limited discovery regarding the relationship between the MCOs, ASES, and the Commonwealth's Health Department and whether the Commonwealth has complied with TPL obligations under the Medicaid Statute.  The court makes no intimation as to the merits of this case.

## CONCLUSION

**WHEREFORE,** the Federal Defendants Motion for Summary Judgment (Docket No. 195) is hereby granted.  Plaintiffs' Motion for Relief to Pursuant to Rule 56(f) (Docket No. 219) is granted.  Plaintiffs are granted 90 days to conduct limited discovery for the purpose of determining (1) the relationship between the MCOs, ASES and the Commonwealth's Health Department and the level of control the MCOs have or do not have over those entities relative to the implementation of the Medicaid Program, and (2) whether the Commonwealth has complied with its TPL obligations under the Medicaid Statute.  Thereafter the Plaintiffs are granted 45 days to file a renewed opposition to the pending motions for summary judgment.  Defendants are thereafter granted 30 days to file a reply, if necessary.   The remaining motions for summary judgment (Docket Nos. 183, 186, 190, 192, 193, 199) are held in abeyance pending further discovery and Plaintiffs' renewed opposition.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, February 14, 2007.

S/ HECTOR M. LAFFITTE
Senior United States District Judge